IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01407-BNB

THURMAN HARRISON, JR.,

    Plaintiff,

v.

COMMUNITY EDUCATION CENTERS,
CHEYENNE MOUNTAIN RE-ENTRY CENTER,
JOHN DOE, Administration of CMRC,
PATSY PAULK, Deputy Director of Programs of CMRC,
MS. LEHMAN, Unit Manager of CMRC,
JOHN CLANCY, President CEO Community Education Center, and
JOHN DOE, Warden/Director of CMRC,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Thurman Harrison, Jr., is in the custody of the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. He initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Harrison has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Harrison is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint.

Mr. Harrison alleges that on February 11, 2014, he was placed in solitary confinement in the Special Housing Unit without receiving a notice of charges or a hearing. On February 17, 2014, he was issued a notice of charges for "Solicitation of a DOC Employee, Contract Worker of Volunteer Misconduct" based on a kite that Plaintiff sent to Counselor Kellie Bird on February 3, 2014, in which he stated, "I love you." Counselor Bird had received two other kites of a similar nature from Plaintiff, which had been referred to Plaintiff's unit manager, Defendant Lehman. Following a disciplinary hearing on February 25, 2014, the committee determined that Mr. Harrison was guilty of the alleged misconduct and sentenced him to 30 days of disciplinary segregation. Mr. Harrison's appeal of the hearing committee's decision is pending.

Plaintiff asserts in the Complaint that his pre-hearing placement in segregation violated DOC policies because he did not pose "an imminent and substantial threat" to the security of the institution, or to DOC employees, contract workers, or volunteers. Mr. Harrison further maintains that he was denied his constitutional right of access to the courts because, while he was in segregation, he was prevented from accessing the law library and was "unable to complete his motions to the courts." (ECF No. 1, at 6). Mr. Harrison states that when he "filed the motion, he was out of time to file, but [he] hopes that the court will accept the complaint and filing in the State Courts." (*Id.*). Plaintiff requests monetary relief.

Mr. Harrison's claims against the Cheyenne Mountain Re-Entry Center, a DOC facility, are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*,

507 F.3d 1250, 1252–53 (10th Cir. 2007). The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Further, to the extent Defendant "Community Education Centers" is part of the DOC, that Defendant is also immune from suit.

Furthermore, Mr. Harrison fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The only Defendant mentioned in the text of the Complaint is Defendant Lehman, Plaintiff's unit manager. Mr. Harrison does not allege specific facts to show that the John Doe Defendants or Patsy Paulk were directly involved in the alleged constitutional deprivations.

Mr. Harrison claims that his placement in segregation for approximately two weeks without notice or an opportunity to be heard violated due process. The threshold issue for a due process claim is whether Plaintiff has alleged facts that would plausibly implicate a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A liberty interest exists only when the conditions of segregation impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (atypical and significant hardship).

Plaintiff also claims that he was denied his right of access to the courts. State inmates have a constitutional right to "'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir.1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). States may assure this right by providing law libraries or lawyer assistance. *Id.* An inmate claiming a denial of access to courts must show "actual injury" to his ability to pursue a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Mr. Harrison has not alleged an actual injury resulting from the Defendants' alleged denial of access to the law library while he was in segregation. Although he states that he was forced to file a late appeal of the disciplinary decision, he does not allege that the appeal was dismissed as untimely. Accordingly, it is

ORDERED that Plaintiff, Thurman Harrison, Jr., file **within thirty days from the date of this order,** an amended complaint on the court-approved Prisoner Complaint

form that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Harrison may obtain copies of the court-approved Prisoner Complaint form (with the assistance of his case manager of the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Harrison fails to file an amended complaint as directed within the time allowed, the complaint and the action may be dismissed without further notice.

DATED May 22, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge