IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01407-BNB

THURMAN HARRISON, JR.,

    Plaintiff,

v.

CHEYENNE MOUNTAIN RE-ENTRY CENTER,
THREE UNKNOWN NAMED OCCUPATIONAL COUNSELORS,
MS. LEHMAN, Unit Manager of CMRC,
UNKNOWN NAMED LAW LIBRARIAN, and
UNKNOWN NAMED WARDEN OF CMRC OR HIS DESIGNEE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Thurman Harrison, Jr., is in the custody of the Colorado Department of Corrections and is incarcerated at the Cheyenne Mountain Re-Entry Center (CMRC) in Colorado Springs, Colorado.  He initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Harrison has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On May 22, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Plaintiff failed to allege the personal participation of each individual Defendant in an arguable deprivation of his constitutional rights.[1]  Magistrate Judge Boland therefore ordered Mr. Harrison to file an amended complaint within thirty (30) days of the May 22 Order.  Plaintiff filed an Amended

---

[1] In the May 22 Order, Magistrate Judge Boland mistakenly informed Plaintiff that his claims against the CMRC were barred by the Eleventh Amendment.  It has come to the Court's attention that the CMRC is a not a Colorado Department of Corrections facility, but is instead a private facility owned and operated by Community Education Center.  The Eleventh Amendment therefore does not apply.

Complaint on June 20, 2014. (ECF No. 6).

Mr. Harrison has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Harrison is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

In the Amended Complaint, Mr. Harrison alleges that on February 11, 2014, he was placed in solitary confinement in the Special Housing Unit (SHU) without receiving a notice of charges or a hearing. On February 17, 2014, he was issued a notice of charges for "Solicitation of a DOC Employee, Contract Worker of Volunteer Misconduct" based on a kite that Plaintiff sent to Counselor Kellie Bird on February 3, 2014, in which he stated, "I love you." (ECF No. 6, at 6). Counselor Bird had received two other kites of a similar nature from Plaintiff, which had been referred to Plaintiff's unit manager, Defendant Lehman. Following a disciplinary hearing on February 25, 2014, the committee determined that Mr. Harrison was guilty of the alleged misconduct and sentenced him to 30 days of disciplinary segregation, with credit for time spent in

segregation prior to the hearing. On June 6, 2014, the disciplinary conviction was expunged on appeal due to a procedural infirmity.

Plaintiff asserts in the Amended Complaint that his pre-hearing placement in segregation violated DOC policies because he did not pose "an imminent and substantial threat" to the security of the institution, or to DOC employees, contract workers, or volunteers. He further states that he experienced "significant degree of lock down" and more restrictive conditions than an inmate in the general population. (*Id.* at 11).

Mr. Harrison further maintains that he was denied his constitutional right of access to the courts because, while he was in segregation, he was prevented from accessing the law library and was "not able to file his motion to the court until after March 19, 2014." (ECF No. 1, at 6). Mr. Harrison states that when he filed the motion, it was "out of time," and he does not know if the court accepted it. (*Id.* at 8). He also makes reference to an appellate filing that he was not able to submit until after the court-ordered deadline, but he states that the court accepted the late filing. Plaintiff requests monetary relief.

Affording the Amended Complaint a liberal construction, the Court finds that Plaintiff is asserting two claims for relief: (1) that his placement in segregation for 14 days prior to the administrative hearing (and possibly for 16 days following the hearing) violated his Fourteenth Amendment procedural due process rights; and, (2) that he was denied his constitutional right of access to the courts when prison officials interfered with his access to the law library.

Mr. Harrison claims that his placement in segregation without adequate notice or

cause violated due process.  Magistrate Judge Boland advised Plaintiff in the May 22 Order that the threshold issue for a due process claim is whether Plaintiff has alleged facts that would plausibly implicate a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  A liberty interest exists only when the conditions of segregation impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (atypical and significant hardship).  Mr. Harrison was afforded an opportunity to amend his complaint to allege specific facts to show how the conditions of his 30-day disciplinary segregation imposed an atypical and significant hardship on him.

Plaintiff's conclusory allegations in the Amended Complaint that he experienced "significant degree of lock down" and more restrictive conditions than an inmate in the general population are insufficient to show an arguable deprivation of a constitutionally-protected liberty interest.  *See Sandin*, 515 U.S. at 475-76 (holding that 30 days in disciplinary segregation did not implicate a liberty interest); *Gee v. Pacheco*, 627 F.3d 1178, 1193-94 (10th Cir. 2010) (holding that four weeks in an isolation cell without additional facts to show an atypical and significant hardship did not implicate a liberty interest); *Meek v. Jordan*, No. 13-1249, 534 F. App'x 762, 765 (10th Cir. Aug. 20, 2013) (unpublished) (rejecting prisoner's claim that punitive segregation for 60 days implicated a liberty interest, absent additional facts to show atypical conditions).  Accordingly, Mr. Harrison's claim that he was deprived of due process when he was placed in segregation will be dismissed as legally frivolous.

Plaintiff also claims that he was denied his right of access to the courts. State inmates have a constitutional right to "'adequate, effective, and meaningful' access to

4

the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir.1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)).  States may assure this right by providing law libraries or lawyer assistance. *Id.*  An inmate claiming a denial of access to courts must show "actual injury" to his ability to pursue a non-frivolous claim.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  Mr. Harrison has not alleged an actual injury resulting from the Defendants' alleged denial of access to the law library while he was in segregation. Although he makes vague allegations that he was forced to file court documents "out of time," he does not allege that a court case was dismissed as a result.  Mr. Harrison's claim that he was denied his constitutional right of access to the courts will be dismissed as legally frivolous.  Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 6) and this action are DISMISSED as legally frivolous for the reasons discussed above.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.     Dated July 1, 2014 at Denver, Colorado.

                    BY THE COURT:

                    s/Lewis T. Babcock
                    LEWIS T. BABCOCK, Senior Judge
                    United States District Court